**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel John Cox, | No. CV-24-08105-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Doug Schuster, et al., | |
| Defendants. | |

This case has been pending for almost one year. Pro se Plaintiff has filed four different versions of his complaint (Docs. 1, 4, 7, 10) and has attempted service more than once (Doc. 5, 6, 16-18). On January 2, 2025, the Court permitted Plaintiff to file the current version of his complaint and, given the age of the case, stated that he had 45 days to complete service. Doc. 14. More than once, the Court has directed Plaintiff to resources for pro se litigants. Docs. 3 at 5, 10 at 2.

Defendants Doug Schuster, Laura Skubal, and Matthew Smith now move to dismiss Plaintiff's current complaint under Rule 12(b)(2) and (5) for insufficient service of process. Doc. 19. Plaintiff has not responded to their motion, but did file an affidavit asserting they were properly served. Doc. 21. For the reasons stated below, the Court will grant the motion.

Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. *See Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97,

104 (1987); *see also Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986).  Rule 4 "governs the commencement of an action and the service of process." *Gregory v. Harris*, No. CV11-0372 PHX DGC, 2011 WL 6205902, at *1 (D. Ariz. Dec. 13, 2011).  Under Rule 4(e)(2), an individual within the United States can be served by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

Plaintiff asserts that the summons and complaint were left at Defendants' residences or usual places of abode with a person of suitable age and discretion, and copies were mailed to their last known addresses.  Doc. 16, 17, 18.  Defendants submit declarations that they were not served at their usual places of abode and copies were not mailed to their homes.  Doc. 19 at 8, 11, 14.  They further declare that they have not authorized the individual who received the summonses at a county office to act as their agent.  *Id.*  Plaintiff provides no evidence to rebut these declarations.[1]

Plaintiffs proceeding pro se "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1986).  *See also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986) (pro se litigants "should not be treated more favorably than parties with attorneys of record").  If a defendant is not served within 90 days of the complaint being filed, Rule 4(m) requires that the court dismiss the action or, if the plaintiff shows good cause for the failure, direct that service be executed within a specified time.  Because this case had been pending so long, the Court gave Plaintiff 45

---

[1] Under Rule 4(e)(1), a Plaintiff may also serve an individual within the United States by following state law.  Arizona rules provide that a court may, on motion, "order that service may be accomplished in another manner," including by mail.  Ariz. R. Civ. P. 4.1(k); *Blair v. Burgener*, 245 P.3d 898, 903 (Ariz. Ct. App. 2010).  Plaintiff never sought permission to serve Defendants in this manner and, as noted, Defendants declare that they did not receive mail service.

days to serve.  He did not meet that deadline or the 90-day deadline in Rule 4.  Plaintiff does not argue, and the Court cannot not find, good cause for failure of service in this case.

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 19) is **granted.**  The case is dismissed without prejudice.  The Clerk of Court is directed to close this case.

Dated this 1st day of May, 2025.

David G. Campbell
Senior United States District Judge